(107 So. 917)

## CULVER v. A. A. GAMBILL REALTY CO.
### (6 Div. 653.)

(Supreme Court of Alabama. April 1, 1926.)

Brokers &=88(2)—Question of prior agency between broker and vendor held immaterial, and not required to be submitted to jury, where evidence entitled broker to affirmative charge.

Where owner agreed to pay broker commission for sale of property, and broker procured purchaser, who entered into a valid written contract with owner on terms stipulated, broker, in action for commissions, was entitled to the affirmative charge, and question of prior agency between vendor and broker became so immaterial as not to require its submission for jury's determination.

Certiorari to Court of Appeals.

Petition of the A. A. Gambill Realty Company for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of F. P. Culver v. A. A. Gambill Realty Co., 107 So. 909. Writ denied.

Leader & Ullman, of Birmingham, for petitioner.

Counsel argue for error in the interpretation by the Court of Appeals of the opinion of the Supreme Court on certiorari in ante, p. 84, 107 So. 914 (6 Div. 464).

Lange & Simpson, of Birmingham, opposed.

Brief of counsel did not reach the Reporter.

PER CURIAM. The vendor and purchaser having entered into a valid and binding contract, and the vendor having agreed to pay the broker's commission, the question of prior agency became immaterial. Such is the effect of the ruling of this court on a reconsideration of this cause. Culver v. A. A. Gambill Realty Co.; ante, p. 84, 107 So. 914.

It may properly be here added also that the effect of the former opinion is that, under the undisputed proof as appears in the opinion of the Court of Appeals (107 So. 909), the plaintiff is entitled to the affirmative charge.

The statement in the last opinion of the Court of Appeals to the effect that the question of agency is one to be submitted for the jury's determination is, it seems, a misinterpretation of the opinion heretofore rendered by this court. What is herein stated suffices for another trial of the cause.

The writ will be denied.

All the Justices concur.